**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE EVANS,

      Plaintiff-Appellant,

v.

INTEL CORPORATION,

      Defendant-Appellee.

No. 04-2302
(D.C. No. CIV-03-809-RHS/WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff George Evans appeals the district court's grant of defendant Intel Corporation's motion for judgment as a matter of law, Fed. R. Civ. P. 50. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. Evans was employed by Intel from 1994 until 2003. He alleges that in fall 2002 he became concerned about Intel's emissions and voiced his concerns. Mr. Evans resigned from Intel in May 2003 and thereafter filed a complaint for wrongful termination in New Mexico state court. In it he asserted that Intel constructively discharged him and that Intel's constructive discharge constituted (1) a breach of its implied employment contract and (2) a retaliatory discharge. Intel removed the case to federal court based upon diversity of citizenship. In 2004, a jury was empaneled and the case went to trial. At the close of Mr. Evans's case-in-chief, the district court granted Intel's motion for judgment as a matter of law, observing that Mr. Evans failed to provide a legally sufficient basis for a reasonable jury to find that he was constructively discharged.

Mr. Evans appeals. He asserts that the district court erred by refusing to admit certain testimony and documents, and by granting Intel's motion for judgment as a matter of law. These issues, Mr. Evans acknowledges, are interrelated; that is, "if there was a failure in the plaintiff's case-in-chief to make a prima facie case," but "none of the suppressed testimony or exhibits would have

cured [that] failure . . . , their exclusion, even if error, would not make a difference to the outcome." Aplt. Br. at 27.

We review de novo a district court's ruling on a motion for judgment as a matter of law, applying the same standard as the district court and construing the evidence and all inferences therefrom in a light most favorable to the nonmovant. *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 519, 529 (10th Cir. 2000). In diversity cases, such as this, federal law governs the appropriateness of a motion for judgment as a matter of law, while the substantive law of the forum state governs the analysis of underlying claims. *Wolfgang v. Mid-Am. Motorsports, Inc.*, 111 F.3d 1515, 1522 (10th Cir. 1997).

Having reviewed the briefs, the record, and the law in light of the applicable standard of review, we hold that Mr. Evans failed to provide a legally sufficient basis for a reasonable jury to find that Intel constructively discharged him. To prove constructive discharge an employee must demonstrate "that the employer made working conditions so intolerable, when viewed objectively, that a reasonable person would be compelled to resign." *Gormley v. Coca-Cola Enters.*, 109 P.3d 280, 282-83 (N.M. 2005). Mr. Evans's concerns about Intel's emissions and several unpleasant events–being placed on a corrective action plan, asked to renegotiate his tax debt, and questioned about his statement that his boss "sucked," Aplt. App. Vol. II at 320–is not enough to convert a resignation into a

-3-

constructive discharge. *See Gormley*, 109 P.3d at 283 (citing examples of actions that do and do not constitute constructive discharge and observing that "[i]n many cases, the circumstances surrounding resignation are not egregious enough to support a [constructive discharge] claim").[1]

Further, we have reviewed the evidence excluded by the district court and are satisfied that, even if all of the contested evidence had been admitted,

---

[1]     Each of the five cases cited by Mr. Evans for the proposition that "[t]here can be constructive discharge in an employer's thwarting of an employees' [sic] professional duties," is either distinguishable, misconstrued by counsel, or both. *Univ. of Tex. Med. Branch v. Hohman*, No. 01-98-01382-CV, 1999 WL 681990 (Tex. App. Aug. 31, 1999) (unpublished), *withdrawn and superseded*, 6 S.W.3d 767, 773 (Tex. App. 1999) (addressing whether constructive discharge is a termination under Texas Whistleblower Act, without deciding whether facts alleged constituted constructive discharge); *Neal v. Honeywell Inc.*, 995 F. Supp. 889, 891-93, 896, 899 (N.D. Ill. 1998) (stating jury was justified in concluding that threats of physical injury, a mandatory one-month vacation, being ignored for months, and given no work for several weeks constituted constructive discharge), *aff'd*, 191 F.3d 827 (7th Cir. 1999); *Acrey v. Amer. Sheep Indus. Ass'n*, 981 F.2d 1569, 1573-74 (10th Cir. 1992) (stating evidence that employer threatened to fire employee if she did not quit, removed her long-standing job responsibilities, and deliberately withheld training necessary to perform new duties was sufficient to support jury's determination employee was constructively discharged); *James v. Sears, Roebuck & Co.*, 21 F.3d 989, 993 (10th Cir. 1994) (holding evidence of systematic threats and pressure to take early retirement, resulting in substantial loss in benefits; or to refuse early retirement, be transferred, and earn less in new position was sufficient to support jury's finding of constructive discharge); *O'Brien v. Stolt-Nielsen Transp. Group*, 838 A.2d 1076, 1083 (Conn. Super. Ct. 2003) (holding plaintiff-attorney sufficiently pled constructive discharge by alleging that, based on his knowledge of employer's violation of United States and international law, attorney was ethically barred from providing legal advice that would aid employer's ongoing criminal conduct and subject attorney to personal criminal liability).

Mr. Evans still would have been unable to prove constructive discharge. In other words, none of the excluded evidence was material to his constructive discharge claim. Since Mr. Evans's substantial rights would have been affected only by the exclusion of evidence material to constructive discharge, we need not determine whether the district court otherwise abused its discretion in excluding the contested evidence. *See K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155-56 (10th Cir. 1985) (stating that the exclusion of evidence is reviewed for abuse of discretion, and noting that an "error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties").

Because, as we hold today, Mr. Evans was unable to demonstrate the threshold issue of constructive discharge, we do not reach his breach-of-contract and retaliatory-discharge claims. *See Gormley v. Coca-Cola Enters.*, 85 P.3d 252, 256 (N.M. App. 2003) ("Constructive discharge is a prerequisite to a wrongful termination claim when an employee, such as Plaintiff, resigns."), *aff'd*, 109 P.3d 280 (N.M. 2005). The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge